UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBINETTE AMAKER,<br><br>                    Plaintiff,<br><br>       v.<br><br>KING COUNTY, STANLEY MEDICAL RESEARCH INSTITUTE, and E. FULLER TORREY,<br><br>                    Defendants. | No. CV5-1470 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Denying in Part and Granting in Part Defendants' Joint Motion for Summary Judgment. (Dkt. No. 85).  Having considered Plaintiff's Motion, the Court DENIES Plaintiff's Motion.

Motions for reconsideration are disfavored, and the Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.  Local CR 7(h)(1).  In her motion for reconsideration, Plaintiff argues that the Court erred when it refused to consider her alternative theory of recovery under a particular line of Washington Supreme Court cases.

In her response to Defendants' motion for summary judgment, Plaintiff presented what appeared to be two separate common law tortious interference claims, and Defendants treated the claims as such.  In its Order, the Court construed Plaintiff's claims for common law tortious

ORDER - 1

interference with a corpse as two separate claims - one under Restatement (Second) of Torts § 868, and the other under <u>Reid v. Pierce County</u>, 136 Wn.2d 195, 961 P.3d 233 (1998), <u>Wright v. Beardsley</u>, 46 Wash. 16, 89 P. 172 (1907), and <u>Gadbury v. Bleitz</u>, 133 Wash. 134, 233 P. 299 (1925). Because Plaintiff's amended complaint only contained one claim for tortious interference, whose heading referred only to the Restatement, the Court dismissed the claim under <u>Reid</u>, <u>Wright</u> and <u>Gadbury</u> because Plaintiff had not amended her complaint to include this separate claim, and had not shown good cause for doing so.

Plaintiff contends that her claim under <u>Reid</u>, <u>Wright</u>, and <u>Gadbury</u> is the same common law claim for tortious interference as her Restatement claim. She argues that with these cases she presented a different legal theory - not a separate claim. Plaintiff alleged a claim for common law tortious interference with dead a body in her complaint; that claim referred only to the Restatement (Second) of Torts § 868. But the facts underlying the two theories are essentially the same. Thus, Plaintiff's claim under <u>Reid</u>, <u>Wright</u>, and <u>Gadbury</u> may be regarded as merely a different legal theory for the same claim. <u>Crull v. GEM Ins. Co.</u>, 58 F.3d 1386 (9th Cir. 1995) ("The pleadings need not identify any particular legal theory under which recovery is sought."). Plaintiff is correct on this legal principle.

Nevertheless, Plaintiff does not have standing to pursue this alternative legal theory. Plaintiff relies on <u>Reid</u>, <u>Wright</u>, and <u>Gadbury</u> to show that she has standing. <u>Reid</u>, the most recent case, involved a right to privacy claim, not a tortious interference with a dead body claim, did not discuss standing for tortious interference, and only mentioned <u>Wright</u> and <u>Gadbury</u> in passing. <u>Reid</u>, 136 Wn.2d at 207. <u>Reid</u> did hold that immediate relatives could bring a privacy claim. <u>Id.</u> at 212. But that holding is inapplicable to the issue here - whether Plaintiff has standing to bring a tortious interference claim. In <u>Wright</u>, the Washington Supreme Court held that a mother and father could maintain an action for the improper burial of their son, noting that "[t]he persons who are the lawful custodians of a deceased body may maintain an action for its desecration." <u>Wright</u>, 46 Wash. at 18. In <u>Gadbury</u>, the Court held that a mother could maintain an action against the funeral home for not

1 cremating her son after she had paid them to do so, even though her husband was not part of the suit,
2 and even though her son was "of age" at the time of his death. <u>Gadbury</u>, 133 Wash. at 138-39.  Thus,
3 none of these cases support Plaintiff's argument that <u>any</u> immediate relative may bring a tortious
4 interference claim. To the contrary, both <u>Wright</u> and <u>Gadbury</u> suggest that those with the right to
5 disposition of the body have standing.

6      In their motion, Defendants argued that Plaintiff did not have standing because she was not
7 the legal next of kin and was not entitled to disposition of the body. (Mot. at 18).  In their reply brief,
8 Defendants reiterated their argument that under <u>either</u> the Restatement claim or the <u>Wright</u>/<u>Gadbury</u>
9 common law claim, Plaintiff does not have standing because she was not entitled to possession of
10 Bradley's body. (Reply at 8-10).  Defendants pointed specifically to RCW 68.50.160, which governs
11 the right to control the disposition of the remains of a deceased person. (Reply at 10).

12      Because the Washington Legislature has enacted statutes governing the disposition of organs,
13 tissue, and human remains, the Court must look to the statutes, not the common law, to determine if
14 Defendants owed a duty to the Plaintiff. <u>State ex. rel. Madden v. Public Util. Dist. No. 1 of Douglas</u>
15 <u>County</u>, 83 Wn.2d 219, 221, 517 P.2d 585 (1973) ("A statute which is clearly designed as a
16 substitute for the prior common law must be given effect.").  Wash. Rev. Code 68.50.160(3) (1993)
17 prescribes who has the right to control the disposition of the remains of a deceased person.  Under
18 this statute, the father, Robert, had the right to control the disposition of the remains of Bradley.
19 RCW 68.50.160(3)(c).  Plaintiff, as a surviving sibling of the decedent, did not have the right to
20 control the disposition of Bradley's remains and does not have standing to bring a tortious
21 interference claim.  Unlike Washington's Anatomical Gift statute, RCW 68.50.160(3) does not have
22 an availability requirement.  Therefore Plaintiff does not have standing to bring a claim for tortious
23 interference with Bradley's body.

24      Plaintiff also argues that she has standing when looking at the facts of this case through the
25 lens of the discovery rule.  Plaintiff argues that she has standing because at the time she discovered
26 that Bradley's tissue had been donated without consent, she was the next of kin because Robert had

ORDER - 3

passed away. But the discovery rule only operates to toll an applicable statute of limitations; it does not create standing for a plaintiff who otherwise does not have it. Application of the discovery rule does not provide Plaintiff with standing.

Because Plaintiff does not have standing to bring a tortious interference with a dead body claim, the Court DENIES Plaintiff's Motion for Reconsideration.

The clerk of the Court is directed to distribute this order to all counsel of record.

Dated this 2nd day of March, 2007.


/s Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4