UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBINETTE AMAKER, | No. CV5-1470 MJP |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY, STANLEY MEDICAL RESEARCH INSTITUTE, and E. FULLER TORREY, | |
| Defendants. | |

On February 23, 2007, the Court issued an Order on Defendants' Joint Motion for Summary Judgment Dismissal of All Claims. (Dkt. No. 67). In that Order, the Court dismissed Plaintiff's claims for common law tortious interference with a dead body, invasion of privacy, and civil conspiracy. The Court also called for supplemental briefing on whether Washington's Uniform Anatomical Gift Act ("UAGA") includes a cause of action to sue. (Dkt. No. 67). The parties have both filed supplemental briefs. (Dkt. Nos. 86 and 87). Having considered the parties' briefing, the Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's claim under Washington's UAGA.

Washington's UAGA does not include an express private cause of action. Both parties agree that <u>no</u> other court has found that the UAGA includes either an explicit or implicit cause of action. (Dkt. No. 87 at n.1; Dkt. No. 86 at 3). In determining whether to imply a cause of action, Washington courts use a three-part test:

ORDER - 1

> [F]irst, whether the plaintiff is within the class for whose "especial" benefit the statute was enacted; second, whether legislative intent, explicitly or implicitly, supports creating or denying a remedy; and third, whether implying a remedy is consistent with the underlying purpose of the legislation.

Bennett v. Hardy, 113 Wn.2d 912, 920-21, 784 P.2d 1258 (1990) (citation omitted).  Plaintiff argues that she is within the class of persons for whom the statute was created because she has standing. But Washington's UAGA was not enacted to benefit Plaintiff.  The statute was enacted to encourage the process of organ donation.  As the legislature stated in its findings:

> The legislature declares that it is in the best interest of the citizens of Washington to provide a program to increase the number of anatomical gifts available for donation.

RCW 68.50.520 (2006).  Because the legislature intended to promote organ donation, Plaintiff is not within the class for whose "especial" benefit Washington's UAGA was enacted.

Moreover, in terms of the second Bennett prong, the cases cited by Plaintiff do not support her contention that the legislative intent supports creating a remedy here.  See Bennett, 113 Wn.2d 912; Wingert v. Yellow Freight Sys., Inc., 104 Wn. App. 583, 13 P.3d 677 (2001).  Bennett and Wingert both involved statutes that specifically granted rights to an identifiable class without providing an express cause of action for that class.  See Bennett, 113 Wn.2d at 921 ("Plaintiffs, employees who were aged 60 and 61 at the time of their discharges, are clearly part of the class of persons entitled to protection of RCW 49.44.090.  The statute creates a right on the part of employees within the protected class to be free from age discrimination . . . ."); Wingert, 104 Wn. App. at 591 ("The parties agree that the workers' status as employees clearly makes them persons for whom WAC 296-126-092 was promulgated.").  Unlike the laws at issue in those cases, this case involves a statute that does not clearly grant rights to an identifiable class.  Plaintiff has not cited to any legislative history suggesting that the legislature intended to create a remedy for relatives of the deceased here.  Lastly, implying a remedy for Plaintiff will not further the underlying purpose of the legislation, which is to encourage organ donations.

Plaintiff also argues that the good faith immunity provision in RCW 68.50.620(3) supports implying a cause of action.  Plaintiff reasons that if a claimant cannot sue for a violation of

ORDER - 2

1  Washington's UAGA, then the immunity would never apply. But the immunity provision may be
2  used as a defense to claims under various common law tort theories. See, e.g., Kelly-Nevils v. Detroit
3  Receiving Hosp., 207 Mich. App. 410, 526 N.W.2d 15 (Mich. Ct. App. 1994) (finding defendant
4  acted in good faith with the requirements of Michigan's UAGA and upholding dismissal of plaintiff's
5  common law claim). The Court therefore concludes that Washington's UAGA does not contain an
6  implied cause of action, and Plaintiff's claim under Washington's UAGA is dismissed.

7  Plaintiff also requests that the Court rule that the provisions of Washington's UAGA set the
8  standard of care for a negligence action. But because Plaintiff has no viable remaining claims, the
9  Court declines to rule on this issue. See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.,
10 508 U.S. 439, 446 (1993) (holding that federal courts may not render advisory opinions).

11 The Court GRANTS Defendants' Motion for Summary Judgment and DISMISSES Plaintiff's
12 UAGA claim.

13 The clerk of the Court is directed to distribute this order to all counsel of record.

14 Dated this 2nd day of March, 2007.

/s Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 3